MARLIN CARROLL, alias WILLIE WILSON, v. STATE.

191 So. 769

Opinion Filed November 3, 1939

*Walter Kehoe,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

THOMAS, J.—The plaintiff in error, Marlin Carroll, was charged with murder in the first degree, namely: that he killed one Emma Dell McFarland unlawfully and from a premeditated design to effect her death.

The jury found him guilty of murder in the second degree, viz.: that the death was the result of an act on his part eminently dangerous and evincing a depraved mind regardless of human life. He seeks a reversal of the judgment on the theory that if the testimony of the State was true he should have been found guilty of the charge appearing in the indictment.

By decisions of this Court early, Mobley v. State, 41 Fla. 621, 26 South. Rep. 732, and late, Davis v. State, 137 Fla. 423, 187 South. Rep. 783, it is the law of this State that if the evidence warrants a conviction of the higher degree of homicide a defendant may not complain of conviction of a lower degree.

The only other question presented for determination by us is the propriety of the court's charges in defining self-defense, the criticism being based upon the omission to explain to the jury that a reasonable man might not exercise

reasonable judgment in determining the necessity to take the life of an adversary when faced with peril.

This is not a correct interpretation of the instruction. It properly defined self-defense and specifically pointed out that the circumstances relied upon by the defendant to justify his taking the life of the deceased should be judged as they appeared to him at the time of the difficulty.

Finding no error, the judgment is affirmed.

Affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J, J., concur.